IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

Gwendolyn A. Robbins,
   Plaintiff,

v.

Chatham County Georgia

and

Larry Chisolm, Individually and in his
Official Capacity as the District Attorney
for Chatham County, Georgia

   Defendants.

Case Number: CV410-045

## COMPLAINT

NOW COMES Gwendolyn A. Robbins the undersigned Plaintiff and files her Complaint, bringing an action against Chatham County and the District Attorney for Chatham County Georgia in his individual capacity and in his official capacity as an elected constitutional officer for the county of Chatham in the State of Georgia. Gwendolyn Robbins brings this action alleging the following:

## LEGAL AUTHORITY

Gwendolyn A. Robbins, Plaintiff (hereafter referred to as Plaintiff), seeks all damages provided by law (compensatory damages, punitive damages, back pay, emotional pain & suffering, attorney fees, etc.) on account of age discrimination in employment, retaliation and violation of her substantive and

1

due process rights. Plaintiff brings this action pursuant to the following statutes: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §2000(e) et. seq., the Civil Rights Act of 1991, 42 U.S.C.A. §1981, as amended, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §621 et. seq., and the Civil Rights Act of 1871 which is 42 U.S.C. §1983.

## FACTS

1. Plaintiff, is a 60 year old female resident of Chatham County, Georgia.

2. At the time of the discriminatory and unlawful employment practices alleged in this complaint, Plaintiff was a resident of Savannah, Chatham County Georgia.

3. At all times material to this action, the Chatham County Commissioners were a corporate body vested with the authority to control and manage the County of Chatham in the State of Georgia.

4. At all times material to this action, Larry Chisolm was and is an elected Georgia state constitutional officer, within the judicial branch of state government, with authority to represent the interest of the State in prosecuting criminal violations occurring within Chatham County Georgia.

5. Larry Chisolm was elected to office on November 4, 2008.

6. Larry Chisolm resides in Chatham County Georgia.

7. The Chatham County District Attorneys' staff includes attorney staff and non-attorney staff.

8. Plaintiff began her employment with the Defendant on April 17, 2000 and her job title was listed as Assistant to the District Attorney for Administrative Support Services.

9. Shortly after being hired to work in the District Attorney's office, Plaintiff was sent to the Chatham County new employee orientation and she received a copy of the County's personnel and procedures manual.

10. As an employee of the Defendants, Plaintiff participated and/or either had the option of participating in the Chatham County Health Insurance Plan, the Chatham County Dental Plan, the Chatham County Group Accidental Death and Dismemberment Insurance Plan, the Chatham County Employees' Retirement Plan and the Chatham County Group Term Life Insurance Program.

11. All of the actions which form the basis of this Complaint occurred in Savannah, Georgia, which is in Chatham County.

12. This Court has jurisdiction of this matter pursuant to 28 U.S.C§2000(e)5(f)(3).

13. On or about November 5, 2008, Plaintiff sent a congratulatory note to Defendant Chisolm along with a laminated copy of an article from the Savannah Morning News article announcing his election.

14. On December 8, 2008, Defendant Chisolm telephoned Plaintiff and informed her that her position would be reclassified to one with no management or supervisory responsibilities, that he intended to advertise the position internally in February 2009, that the position would pay somewhere in

the mid $50,000 range and that she would have to apply for the reclassified position.

15. On information and belief, Priscilla Russell, female, age 56, met with Defendant Larry Chisolm on November 26, 2008 and he asked her "how her retirement looked" and "how did she feel about a pay cut".

16. On information and belief, Priscilla Russell received a telephone call from Larry Chisolm on December 8, 2008 at approximately 4:55 p.m. and Chisolm told Priscilla Russell that he was eliminating her position, creating a new position at a reduced salary and that she "would not want to apply for it since she did not want a pay cut".

17. On December 15, 2008, Plaintiff wrote a letter to Russ Abolt, Chatham County Manager informing him that she had filed an age and gender discrimination complaint with the Equal Employment Opportunity Commission and requested that he investigate her claims of age and gender discrimination. The Chatham County manager's office received this letter on December 15, 2008.

18. On information and belief, Priscilla Russell was having a meeting with Michael Kaigler, Chatham County Human Resource Director on December 15, 2008, during which time he was called out of the meeting and upon his return Priscilla Russell observed that he was visibly upset and heard him mumbling something about Plaintiff.

19. Defendant Chisolm hired a much younger male to replace Plaintiff in the

4

re-classified position.

20. Plaintiff was qualified for the re-classified position which was titled Administrative Support Services Manager.

21. On or about December 31, 2008, Plaintiff received a letter from Russ Abolt, County Manager, informing her that employees in the DA's office are not covered by the County's personnel ordinance and therefore no authority to conduct an investigation of her claims.

22. On or about December 30, 2008, Defendant Chisolm received a call from County Manager's office advising him not to visit the DA's office based on concerns raised by Wilbur Campbell, an employee of the Human Resource Department about the "stability" of Gwendolyn Robbins.

23. All of the actions taken by county officials including the Human Resource Director, the County Manager and the District Attorney were done in retaliation for Plaintiff filing an age and gender discrimination charge with the Equal Employment Opportunity Commission.

24. The county, in responding to Plaintiff's charge of age and gender discrimination, stated that Plaintiff was not granted an interview for the newly created position because of "her poor performance on the job in the DA's office and erratic behavior in connection with her duties".

25. Plaintiff was not granted an interview for the newly created position because of her age and gender and because of retaliation for having filed a charge of discrimination.

26. On or about April 28, 2009, plaintiff signed the official EEOC Charge Of Discrimination and file stamped the document on April 28, 2009. The charge number was 415-2009-00288.

27. On November 20, 2009, the EEOC mailed Plaintiff her notice of right-to-sue.

28. This civil action is instituted in the appropriate Federal District Court within ninety (90) days of Plaintiff's receipt of the notice.

## CAUSE OF ACTION, TITLE VII, RETALIATION §1983

29. Plaintiff re-alleges Paragraphs 1-28 of this Complaint as though fully set forth herein.

30. The Defendants have engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000(e) et. seq. and the Civil Rights Act of 1871, 42 U.S.C.A. §1983.

31. At all time material to this action, Defendant Chisolm, Chatham County Human Resource Director, Michael Kaigler, and the County Manager, Russ Abolt, acted under color of law of the county of Chatham in the State of Georgia.

32. Plaintiff was deprived of her right to procedural due process and substantive due process of law as guaranteed by the 14th Amendment to the U.S. Constitution.

33. Plaintiff's grievance was handled arbitrarily and capriciously.

34. Defendant's discriminatory treatment of Plaintiff was intentional and done

with reckless indifference to Plaintiff's right to be free from discriminatory treatment on account of her age and gender.

35. Plaintiff was treated in a disparate manner than her male counterparts.

36. Plaintiff has suffered immeasurable hardship and irreparable injury as a direct and proximate result of the discriminatory employment practice alleged herein.

37. Plaintiff has lost pay and benefits, suffered personal and professional humiliation and has otherwise been damaged.

38. Plaintiff is entitled to monetary relief for the Defendant's violation of Title VII and Section 1983.

## COUNT II – AGE DISCRIMINATION

39. Plaintiff re-alleges paragraphs 1-38 of this Complaint as though fully set forth herein.

40. Defendant has engaged in unlawful employment practices in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §621 et. seq.

41. Defendant Chisolm hired a much younger male in the re-classified position, which was originally occupied by Plaintiff.

## DEMAND FOR RELIEF

**Wherefore**, Plaintiff demands that:

(a) She is awarded back pay, punitive damages, compensatory

damages, out-of-pocket pecuniary losses, costs, interests and attorney's fees (the request for attorney's fees is in the event she is able to hire an attorney);

   (b) She is granted a trial by jury; and

   (c) She is provided such other and further relief as may be deemed just and proper.

Respectfully submitted this **19th** day of **February**, 2010.

*[signature]*
Gwendolyn Robbins
Proceeding Pro Se

Post Office Box 15235
Savannah, Georgia 31416

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Gwendolyn A. Robbins<br>P.O. Box 15235<br>Savannah, GA 31416 | From: | Savannah Local Office<br>410 Mall Blvd<br>Suite G<br>Savannah, GA 31406 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 415-2009-00288 | Diego Torres,<br>Investigator | (912) 652-4448 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Mason D. Barrett,
Director

NOV 2 0 2009
(Date Mailed)

Enclosures(s)

cc: Michael Kaigler
Personnel Director
CHATHAM COUNTY GOVERNMENT
124 Bull Street
Room # 310
Savannah, GA 31401

Savannah Local Office
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
410 Mall Boulevard, Suite G
Savannah, GA 31406-4821

OFFICIAL BUSINESS
Penalty for Private Use, $300



02 1A          $ 00.44⁰
0004628323    NOV 20 2009
MAILED FROM ZIP CODE 31406

(Notice of Right to sue)

Gwendolyn A. Robbins
P.O. Box 15235
Savannah, GA 31416

IV. **RELIEF.**

*State briefly and exactly what you want this court to do for you.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*I declare under penalty of perjury that the foregoing is true and correct.*

**Signed this** 19th **day of** February, 2010.

_____
Signature of Plaintiff

P.O. Box 15235
Address

Savannah, GA 31406
(912) 692-8051
Phone Number

5