FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 MAR 26  AM 9: 15

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GWENDOLYN A. ROBBINS,          )
                              )
        Plaintiff,            )
                              )
v.                            )    CASE NO. CV410-045
                              )
CHATHAM COUNTY and LARRY      )
CHISOLM, Individually and in  )
his Official Capacity as the  )
District Attorney for Chatham )
County, Georgia,              )
                              )
        Defendants.           )
_____)

## O R D E R

Before the Court are Defendant Chatham County's (Doc. 20) and Larry Chisolm's (Doc. 23) Motions for Summary Judgment. Plaintiff has filed responses in opposition to both motions. (Doc. 31; Doc. 32.) For the reasons that follow, Defendant Chatham County's motion is **GRANTED**, and Defendant Chisolm's motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against Defendant Chatham County are all **DISMISSED**. With respect to Defendant Chisolm, Plaintiff's 42 U.S.C. § 1983 claims, Age Discrimination in Employment Act ("ADEA") claim, Title VII individual capacity claims, and Title VII claim for discriminatory discharge are also **DISMISSED**. However, Defendant Chisolm's request for summary judgment is **DENIED** with respect to

Plaintiff's Title VII claims against him in his official capacity for both failure to hire and retaliation.

## BACKGROUND

This case involves allegations of age and gender discrimination by the current Chatham County District Attorney—Defendant Larry Chisolm. On April 17, 2000, Plaintiff Gwendolyn Robbins was hired by Defendant Chisolm's predecessor as the Assistant to the District Attorney for Administrative Support Services for the Chatham County District Attorney's Office. (Doc. 32 at 2.) Prior to being hired into that office, Plaintiff was employed as a law enforcement officer with the City of Alexandria, Virginia, retiring after serving for twenty-one years, and as the Parking Services Administrator for the City of Savannah. (Id.) Once hired by the District Attorney's office, Plaintiff was required to attend Chatham County's new employee orientation program and was provided a copy of the Chatham County personnel and procedures manual. (Id.) In addition, Plaintiff was eligible to participate in several benefits programs offered by Chatham County, including retirement and various insurance plans. (Id.)

On November 4, 2008, Defendant Chisolm won election as the District Attorney for Chatham County. (Id. at 5.)

Following his election, Defendant Chisolm began planning to transition the office, which the prior District Attorney had led for twenty-eight years (Doc. 33, Attach. 4 3:19-21), in preparation for his administration (Doc. 23 at 2). While assessing the organization of the office, Defendant Chisolm held several meetings with staff members, including Plaintiff. (Doc. 32 at 5.) During a November 23, 2008 meeting, Defendant Chisolm asked Plaintiff some preliminary questions concerning her role in the office and requested that she bring to the next meeting information regarding personnel and the office budget. (Id. at 5-6.) According to Defendant Chisolm, his review left him dissatisfied with Plaintiff's knowledge of budgetary procedures, manner of managing the office budget, and working relationships with her fellow employees. (Doc. 23 at 2.)

On December 8, 2008, Defendant Chisolm contacted Plaintiff to inform her that, as part of the office reorganization, her position was one of two being eliminated. (Doc. 32 at 7.) The eliminated jobs were to be combined into one new position, which was to be advertised internally to current employees. (Id.) This new position did not include any managerial or supervisory responsibilities, and paid a salary around $55,000 per

year.[1]   (Id.)   Defendant Chisolm advised Plaintiff that she would be required to submit an application to be considered for this new position.   (Id.)

In response to the elimination of her position, Plaintiff contacted the Chatham County Human Resources Director on December 10, 2008 to discuss the office reorganization and her continued employment by Chatham County.   (Id. at 7.)   Finding his response insufficient, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC") on December 11, 2008.   (Id. at 8.)   On the same day, Plaintiff submitted an EEOC intake questionnaire, which alleged that Defendant Chisolm's decision to eliminate her position was due to both her age and gender.   (Id.)   On December 15, 2008, Plaintiff wrote to the Chatham County Manager, providing copies to the Chatham County Board of Commissioners and County Attorney, stating that she believed the decision to eliminate her position was the result of age and gender discrimination. (Id.)   In the letter, Plaintiff requested that Defendant Chatham County investigate her charge of discrimination. (Id.)   However, Defendant Chatham County elected not to pursue the allegations.   (Id.)   Meanwhile, Defendant

---

[1] Plaintiff received a salary of $68,633 per year when her position was eliminated.  (Doc. 33 Attach. 2 211:20-22.)

4

Chisolm scheduled Plaintiff's position to be eliminated on January 30, 2009. (Id. at 9-10.)

On January 21, 2009, Plaintiff applied for the newly created position, titled Administrative Support Services Manager. (Id. at 10.) Plaintiff was not selected to interview for that position. On March 9, 2009, Defendant Chisolm hired a younger male as the new Administration Support Services Manager. (Id. at 11.)

Based on Defendant Chisolm's failure to interview or offer her the new position, Plaintiff filed her first complaint with the EEOC on April 28, 2009. (Id. at 10-11.) In this EEOC complaint, Plaintiff alleges that the lack of interview or offer was due to both improper age and improper gender discrimination. (Id. at 10.) In response, Defendant Chisolm stated that Plaintiff was not selected for an interview because of prior poor performance and erratic behavior. (Id. at 11-12.) On January 13, 2010, Plaintiff filed a second complaint with the EEOC, alleging that the lack of interview or offer for the new position was also in retaliation for her earlier submission of the intake questionnaire to the EEOC.[2] (Id. at 12.)

---

[2] Plaintiff also applied for five other positions with Chatham County. (Doc. 32 at 10.) While Plaintiff was interviewed for a few of these positions, she was not offered any of them. (Id.) In both the EEOC complaint

After receiving her Notice of Right to Sue, Plaintiff timely filed her complaint in this Court. (Doc. 1.) In her complaint, Plaintiff has alleged that Defendants' decision not to interview or select her for the new position was the result of gender discrimination and as retaliation for her earlier EEOC filing, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. (Id. ¶ 30.) In addition, Plaintiff contends that Defendants' actions were based on age discrimination, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. (Id. ¶ 40.) Plaintiff also argues that Defendants' actions, taken under color of state law, worked to deprive her of her constitutional rights, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Id. ¶ 30.)

On May 12, 2011, Defendant Chatham County filed its Motion for Summary Judgment. (Doc. 20.) In the motion, Defendant Chatham County argues that Plaintiff's claims

---

and the complaint filed in this Court, Plaintiff alleged that Defendant Chatham County's failure to hire her for any of these five other positions was also improper age and gender discrimination, and in retaliation for her earlier EEOC filings. (Id. at 10-11.) However, Plaintiff has withdrawn those claims, proceeding on her failure to hire claim based only on Defendant Chisolm's decision not to hire her for the newly created position. (Id.) Therefore, the Court will offer no further discussion of these withdrawn claims.

against it must be dismissed because they did not exercise any control over employment decisions within the District Attorney's office.   (Id. at 2-6.)   In addition, Defendant Chatham County reasons that Plaintiff's claim under § 1983 must fail because she failed to show that it had a policy or custom of discriminating on the basis of age or gender. (Id. at 18-20.)   In response, Plaintiff contends that she was employed by Defendant Chatham County (Doc. 32 at 21-23), rendering it responsible for Defendant Chisolm's unlawful employment decisions (id. at 24-35).

On May 16, 2011, Defendant Larry Chisolm filed his Motion for Summary Judgment.   (Doc. 23.)   In the motion, Defendant Chisolm argues that he is immune, in his official capacity, from Plaintiff's claims brought under the ADEA and § 1983.   (Doc. 23 at 4-6.)   Defendant Chisolm contends that Plaintiff failed to state a claim for individual liability under § 1983 (id. at 7-8), and that both the ADEA and Title VII do not impose individual liability for employment decisions (id. at 8-9).   Also, Defendant Chisolm avers that Plaintiff has failed to establish prima facie cases of discrimination under either the ADEA or Title VII. (Id. at 9-22.)   Finally, Defendant Chisolm claims that Plaintiff also failed to establish a prima facie case of retaliation under Title VII.   (Id. at 22-24.)   In her

7

response, Plaintiff argues that Defendant Chisolm is not entitled to immunity (Doc. 31 at 20-29); that she has established a claim for liability under § 1983 (id. at 29-30); and that she has established prima facie cases against Defendant Chisolm for discrimination under the ADEA, and discrimination and retaliation under Title VII (id. at 19-20).

## ANALYSIS

### I.   SUMMARY JUDGMENT STANDARD

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not

suffice.   See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998).   Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment."   Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

II.   PLAINTIFF'S CLAIMS AGAINST DEFENDANT CHATHAM COUNTY

In her complaint, Plaintiff appears to bring claims under § 1983, for age discrimination under the ADEA, and for gender discrimination and retaliation under Title VII. (Doc. 1 ¶¶ 29-41.)   In its Motion for Summary Judgment, Defendant Chatham County argues that it cannot be held responsible for any alleged discrimination because it exercised no control over Defendant Chisolm with respect to employment decisions.   (Doc. 20 at 2-6.)   In response, Plaintiff reasons that the circumstances of her employment render her an employee of Defendant Chatham County and that it failed to properly oversee Defendant Chisolm's employment decisions.   (Doc. 32 at 21-23.)

A.   Plaintiff's § 1983 Claim Against Defendant Chatham County

While not entirely clear from the complaint, it appears that Plaintiff seeks to hold Defendant Chatham

County liable under § 1983 for depriving her of procedural and substantive due process rights under the Fourteenth Amendment. (Doc. 1 ¶ 32.) However, a local government can only be held liable under § 1983 for acts of one of its officers if the plaintiff can establish that an official local government custom or policy was the "moving force" behind the deprivation of a constitutional right. Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997). In this case, however, Plaintiff has failed to identify any custom of or policy by Defendant Chatham County that led to Plaintiff being deprived of her constitutional rights. Accordingly, any claim by Plaintiff that seeks to impose liability on Defendant Chatham County based on Defendant Chisolm's actions must be dismissed.

In her response, it appears that Plaintiff is also arguing that Defendant Chatham County itself violated her right to due process by failing to give her a hearing regarding what she alleged to be the unlawful employment practices of Defendant Chisolm. (Doc. 32 at 32.) According to Plaintiff, this hearing is required per the Chatham County Personnel Ordinance. However, the issue in this case with respect to Defendant Chatham County is one of control—did Defendant Chatham County have authority or control over Defendant Chisolm when he made the allegedly

11

unlawful employment decision? The Georgia Constitution limits a county's authority over personnel decisions made by an elected official, Ga. Const. art. IX, § 2, ¶ 1(c)(1), which includes district attorneys, see id. art. VI, § 8, ¶ 1(a). Indeed, even the possibility that an employee may be covered under a county's civil service system " 'does not demonstrate that [the county] exercises active control over the day-to-day labor practices' " of the elected official. Cassells v. Hill, 2010 WL 4616573, at *10 (N.D. Ga. Nov. 8, 2010) (unpublished) (quoting Redding v. Tuggle, 2006 WL 2166726, at *8 (N.D. Ga. July 31, 2006) (unpublished)).

In this case, it is clear that Defendant Chatham County does not enjoy any authority or control over Defendant Chisolm with respect to employment decisions for the District Attorney's office. As a result, it is difficult to understand what purpose a hearing would have served. Defendant Chatham County lacked any authority to mandate that Defendant Chisolm rehire Plaintiff or prohibit him from eliminating Plaintiff's position while restructuring his office. As a result, it would be odd to hold Defendant Chatham County liable for failing to hold a hearing that would have no effect on the outcome of Plaintiff's allegations.

12

Furthermore, it does not appear that the District Attorney's office was subject to the provisions of the Chatham County Personnel Ordinance. Even Plaintiff recognizes that the District Attorney's office never affirmatively adopted the ordinance. (Doc. 32 at 32 ("Chatham County is correct that [the previous District Attorney] did not sign the documents presented to him by Chatham County concerning the Ordinance.").) Rather, Plaintiff appears to reason that the previous District Attorney implicitly adopted the ordinance. (Id. at 33 ("[The previous District Attorney] believed he had 100% discretion to adopt the policies and principles set forth in the Ordinance, and he had a right to conform the Ordinance to fit the particular need of his office").) It is entirely speculative, contrary to Plaintiff's conclusion, that the previous district attorney would have, 'at a minimum, granted [Plaintiff] the right to a hearing." (Id.) In any event, the Georgia Constitution and the facts of this case clearly establish that Defendant Chatham County was not required to give Plaintiff a hearing regarding her allegations concerning Defendant Chisolm's employment decisions.[3] For all these reasons, Plaintiff's

---

[3] To the extent that Plaintiff is arguing that the previous District Attorney created a right to a hearing by adopting

13

§ 1983 claim against Defendant Chatham County must be dismissed.

### B.   Plaintiff's ADEA and Title VII Claims Against Defendant Chatham County

In her complaint, Plaintiff appears to bring claims for age discrimination under the ADEA, and gender discrimination and retaliation under Title VII. (Doc. 1 ¶¶ 30, 40.) In its Motion for Summary Judgment, Defendant Chatham County argues that these claims should be dismissed because it is not Plaintiff's employer (Doc. 20 at 2-6) and the claims lack merit (id. at 6-17). In response, Plaintiff contends that she was employed by Defendant Chatham County and that she has established prima facie claims for age and gender discrimination, and retaliation. (Doc. 32 at 20-32.)

Both the ADEA and Title VII impose liability for discriminatory behavior on employers. 29 U.S.C. § 623; 42 U.S.C. § 2000e-2. While there are many tests to determine whether an entity is an employer under various federal employment discrimination statutes, the Eleventh Circuit Court of Appeals has identified one common inquiry: "all of

---

unwritten internal policies, that argument is without merit. Even assuming the accuracy of this factual allegation, Defendant Chatham County would not be liable under § 1983 for any failure to grant a hearing because it is not the county that has provided that protection, but rather the District Attorney's office.

them seek to determine who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim." Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1345 (11th Cir. 1999) (citing several examples). Under this inquiry, the lack of authority or control possessed by one entity over another's employment decisions precludes a finding of liability because the entity lacking control does not meet the definition of an employer under the requisite statute.

After reviewing the record in this case, the Court is convinced that Defendant Chatham County does not possess any authority or control over Defendant Chisolm's employment decisions. As noted above, the Georgia Constitution dispossesses Defendant Chatham County of any authority or control regarding Defendant Chisolm's decisions with respect to how and with whom to staff his office. See Ga. Const. art. IX, § 2, ¶ 1(c)(1). Plaintiff points to several facts that she believes establish that she was an employee of Defendant Chatham County: her paycheck is from Chatham County; her W-2 tax form lists Chatham County as her employer; she participated in Chatham County insurance and retirement plans; she signed Chatham County's Drug-Free Workplace Certification; her separation report was from Chatham County and signed by the Chatham

County Director of Human Resources Services; the Georgia Department of Labor listed Chatham County as her employer; and the prior District Attorney considered her an employee of Chatham County.   (Doc. 32 at 21-22.)   While the Court has little doubt as to the accuracy of these allegations, they are of little consequence with respect to her ADEA and Title VII claims against Defendant Chatham County.   As previously discussed, these statutes impose liability on entities that enjoy authority or control over employment decisions.   The facts Plaintiff has cited are related to particular administrative aspects of her employment, but are of no moment when assessing whether Defendant Chatham County possessed a level of control over Defendant Chisolm's personnel decisions that would render it liable under either the ADEA or Title VII.   This simple fact remains uncontroverted: Defendant Chatham County lacked any authority to prevent Defendant Chisolm from either reorganizing his office or electing not to employ Plaintiff.[4]   Accordingly, Plaintiff's ADEA and Title VII claims against Defendant Chatham County must be dismissed.

---

[4]  Employing some sleight of hand, Plaintiff argues that Defendant Chatham County controls personnel decisions because it approves employee requests from the District Attorney's office, funds the position, and then determines whether to assign an employee to that office.   (Doc. 32 at 22.)   This, however, does little to change the fact that it

16

III. PLAINTIFF'S CLAIMS AGAINST DEFENDANT CHISOLM

In her complaint, Plaintiff appears to bring claims
under § 1983, for age discrimination under the ADEA, and
for gender discrimination and retaliation under Title VII.
(Doc. 1 ¶¶ 29-41.)   In his Motion for Summary Judgment,
Defendant Chisolm argues that he is entitled to immunity
from all claims against him in his official capacity, with
the exception of Plaintiff's claims under Title VII.   (Doc.
23 at 4-7.)   In addition, he contends that Plaintiff has
failed to establish any claim for due process violations
under § 1983, and that the ADEA and Title VII do not impose
individual liability.   (Id. at 7-9.)   Finally, Defendant
Chisolm   reasons   that   Plaintiff's   discrimination   and
retaliation claims fail because Plaintiff cannot show that
his legitimate non-discriminatory reasons for taking the
employment actions are merely pretextual (id. at 9-22), and
that Plaintiff cannot establish a prima facie case of
retaliation (id. at 22-24).   In response, Plaintiff avers
that Defendant Chisolm is not entitled to immunity (Doc. 31
at 20-29), that she was entitled to due process in
connection with her termination (id. at 29-30), and that

_____

is   the   District   Attorney   himself   that   makes   the
determination on whom to employ or not employ—the decision
of who fills any Chatham County funded position still rests
exclusively with the District Attorney.

she has offered evidence sufficient to establish that
Defendant Chisolm's reasons for his employment decisions
were merely pretextual (id. at 19-20).

    A.   Plaintiff's   § 1983   Claim   Against   Defendant
        Chisolm

In her complaint, Plaintiff alleges that Defendant
Chisolm's actions deprived her of procedural and
substantive due process in violation of the Fourteenth
Amendment. (Doc. 1 ¶ 32.) According to Plaintiff,
Defendant is liable under § 1983 for this constitutional
deprivation. (Id.) While not clear from the complaint,
the briefing by the parties suggests that Plaintiff's basis
for this claim rests on Defendant Chisolm's failure to
provide her with a hearing prior to terminating her
employment. (See Doc. 23 at 7-8; Doc. 31 at 29-30.) In
his Motion for Summary Judgment, Defendant Chisolm contends
both that he is entitled to immunity on this claim in his
official capacity (Doc. 23 at 4-7), and that Plaintiff was
not entitled to due process (id. at 7-8). In response,
Plaintiff reasons that Defendant Chisolm is not entitled to
immunity because he was not acting within the scope of his
authority when he terminated Plaintiff's employment. (Doc.
31 at 20-29.) In addition, Plaintiff argues that she was
entitled to due process protections because the prior

District Attorney extended to his employees the County's policy of providing a hearing prior to termination.   (Id. at 29-30.)

In this case, the Court need not decide whether Defendant Chisolm is protected by immunity because there was no due process violation.   To establish a due process violation for terminating public employment without a hearing, the employee "must show that [she] had a protected property interest in [her] employment." Brett v. Jefferson Cnty., Ga., 123 F.3d 1429, 1433 (11th Cir. 1997).   State law determines whether a public employee holds a protected property interest in her position. Id. (quoting Warren v. Crawford, 927 F.2d 559, 562 (11th Cir. 1991)).   In Georgia, a state employee holds no property interest in her employment absent inclusion under a civil service system that only allows her employment to be terminated for cause. Id. (citing Warren, 927 F.2d at 562).   While employees of elected county officials are typically not covered under a county's civil service system, Section 36-1—21(b) of the Georgia Code provides that the elected official may subject their employees to such a system "upon written application of the elected county officer."   O.C.G.A. § 36-1-21(b); accord Brett, 123 F.3d at 1434.   Following application by the elected official, the county must then adopt an

ordinance or resolution formally providing that those positions are subjected to the county civil service system. O.C.G.A. § 36-1-21(b); Brett, 123 F.3d at 1434. Failing to comply with these statutory requirements is fatal to any attempt to create a protected property interest in an employee's continued employment. Brett, 123 F.3d at 1434 ("While protected property interests in continued employment can arise from the policies and practices of an institution, a property interest contrary to state law cannot arise by informal custom. In the absence of satisfaction of the requirements of section 36-1-21(b), the deputy sheriffs were at-will employees with no protected property interest in continued employment." (citations omitted)).

In this case, the record is devoid of any indication that either the required application was submitted to Chatham County, or that Chatham County formally accepted the application by ordinance or resolution. In addition, Plaintiff's attempts to establish that the prior District Attorney extended the County's right to a hearing to his employees is clearly foreclosed by the Eleventh Circuit's opinion in Brett. In that case, the plaintiffs argued they were subject to the county civil service system because the sheriff made that request orally and the county passed the

necessary resolution or ordinance subjecting them to the system. Brett, 123 F.3d at 1434. The Eleventh Circuit, finding the record to be unclear, held that even assuming the county passed the required ordinance or resolution, the sheriff had not made the necessary written application to the county—the oral request was insufficient. Id. Therefore, the Eleventh Circuit concluded that the deputies were not included under the county's civil service system because the sheriff and county had failed to meet the necessary conditions outlined in the statute. Id. In light of the Eleventh Circuit's holding in Brett, it is difficult for this Court to see how Plaintiff had a property interest in her continued employment, thus affording her due process protection, where neither the District Attorney requested inclusion in Chatham County's civil service system, nor Chatham County formally adopted an ordinance or resolution incorporating District Attorney office employees into the civil service system. Accordingly, this Court concludes that Plaintiff's § 1983 claim against Defendant Chisolm must be dismissed because there was no due process violation.

B.   Plaintiff's ADEA Claims Against Defendant Chisolm

In her complaint, Plaintiff has brought claims against Defendant Chisolm, in both his official and individual

capacities, for discrimination on the basis of age, in violation of the ADEA. (Doc. 1 § 40.) In his Motion for Summary Judgment, Defendant Chisolm argues that he is not subject to suit in either his official or individual capacity for age discrimination under the ADEA. (Doc. 23 at 4-9.) In addition, he contends that Plaintiff has failed to establish a prima facie case of age discrimination. (Id. at 9-17.) In response, Plaintiff reasons that Defendant Chisolm is not entitled to any immunity from ADEA claims (Doc. 31 at 20-29) and that she has established a prima facie case of age discrimination entitling her to a trial on this claim (id. at 19-20).

With respect to liability under the ADEA for Defendant Chisolm acting in his official capacity, Plaintiff's claim is clearly foreclosed by the Supreme Court's decision in Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 82-91 (2000) (finding that official capacity ADEA claims must be dismissed because ADEA did not validly abrogate States' sovereign immunity). Indeed, Plaintiff appears to concede as much in her response, failing to offer any argument to the contrary other than offering the conclusory statement that Defendant Chisolm's actions violated the ADEA. (Doc. 31 at 20.) Accordingly, Plaintiff's ADEA claim against Defendant Chisolm in his official capacity is dismissed.

Similarly, Plaintiff's ADEA claim against Defendant Chisolm in his individual capacity must be dismissed. In Busby v. City of Orlando, the Eleventh Circuit concluded that individual capacity suits were not appropriate under Title VII. 931 F.2d 764, 772 (11th Cir. 1991) (citing Clanton v. Orleans Parish Sch. Bd., 649 F.2d 1084, 1099 & n.19 (5th Cir. 1981)). In arriving at its determination, the court looked to the statutory language of Title VII, concluding that the act only applied to violations by employers, as defined by the statute. Id. The Court held, therefore, that Title VII precluded liability for violations by individuals. Id. Recognizing that the statutory language is similar in both Title VII and the ADEA, the Eleventh Circuit later extended its ruling in Busby to individual capacity claims brought under the ADEA. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995). In Mason, the Eleventh Circuit explicitly held that "the Disabilities Act does not provide for individual liability, only for employer liability." 82 F.3d at 1009. Bound by this authority, Plaintiff's ADEA claims against Defendant Chisolm in his individual capacity must be dismissed.[5]

---

[5] In Busby, the Eleventh Circuit did state that the "proper method for a plaintiff to recover under Title VII is by

C.  Plaintiff's Title VII Claims Against Defendant
Chisolm

In her complaint, Plaintiff has brought Title VII
claims, based on gender discrimination and retaliation,
against Defendant Chisolm.  (Doc. 1 ¶¶ 25, 30.)   In his
Motion for Summary Judgment, Defendant Chisolm argues that
Title VII does not allow for suits based on individual
liability.  (Doc. 23 at 8-9.)  With respect to Plaintiff's
official capacity claims, Defendant Chisolm contends that
Plaintiff has failed to establish the required prima facie
case to avoid summary judgment.   (Id. at 17-24.)   In
response, Plaintiff reasons that Defendant Chisolm is
subject to suit in his individual capacity for violations
of Title VII (Doc. 31 at 20-29), and that she has
established a prima facie case of gender discrimination and

---

suing the employer, either by naming the supervisory
employees as agents of the employer or by naming the
employer directly."   931 F.2d at 772.   At first blush this
may seem to open up supervisory employees to suit under the
ADEA and Title VII.   However, this argument was foreclosed
by the Eleventh Circuit in Mason.   In that case, the court
agreed with the Seventh Circuit that the agent language of
Title VII was included to "to ensure respondeat superior
liability of the employer for the acts of its agents, a
theory of liability not available for 42 U.S.C. § 1983
claims."   Mason, 82 F.3d at 1009 (emphasis added).   The
Eleventh Circuit made clear that public officials could not
be held liable in their individual capacities under the
ADEA.   Id.   (concluding that "[t]he County Commissioners
could not be held liable in their individual capacities for
any violation of the Disabilities Act").

retaliation, entitling her to a trial on these claims (id. at 19-20).

As discussed above, see supra Analysis.PartIII.B, Defendant Chisolm is not subject to suit in his individual capacity for violation of Title VII. See Busby, 931 F.2d at 772. Accordingly, Plaintiff's Title VII claims against Defendant Chisolm in his individual capacity are dismissed. The parties appear to agree, however, that Defendant Chisolm in his official capacity is subject to suit under Title VII.

1. Plaintiff's Gender Discrimination Claim

A plaintiff may establish a claim of unlawful gender discrimination by presenting either direct or circumstantial evidence of discrimination. Underwood v. Perry Cnty. Comm'n, 431 F.3d 788, 793 (11th Cir. 2005). To assess a claim based on circumstantial evidence, such as Plaintiff's claim in this case, the Court must employ the framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Underwood, 431 F.3d at 794. Under this test, a plaintiff must establish a prima facie case of gender discrimination by proving four elements: (1) she was a member of a protected class; (2) she was qualified for the job; (3) she suffered

25

an adverse employment action;[6] and (4) she was replaced by someone outside the protected class. Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000)). If a plaintiff can demonstrate the elements of a prima facie case, then a burden of production falls to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1336 (11th Cir. 2000). If the employer articulates a legitimate non-discriminatory reason, the burden then shifts back to the plaintiff to demonstrate that the employer's stated reason was a pretext for discrimination. Id. Should the plaintiff, at this point, fail to establish the presence of a genuine issue of material fact that the employer's reason was merely pretextual, then the employer is entitled to summary judgment in its favor. Cuddeback, 381 F.3d at 1235.

### a.  Discriminatory Discharge

In this case, Plaintiff has established the four elements of a prima facie case on her claim for

---

[6] In this case, Plaintiff brings both claims for discriminatory discharge based on the elimination of her position and for failure to hire based on Defendant Chisolm's decision not to hire her for the newly created position. Therefore, Plaintiff claims to have suffered two separate adverse employment actions.

discriminatory discharge by showing that (1) she is female; (2) she was qualified for the position; (3) her employment was terminated; and (4) she was replaced by a male employee.[7]   (Doc. 31 at 19-20).   Defendant Chisolm has articulated a legitimate non-discriminatory reason by stating that Plaintiff's position, along with a second administrative position, was redundant and enjoyed an excessive salary when compared to other administrative positions in the District Attorney's office.   (Doc. 23 at 19.)   Therefore, Defendant Chisolm eliminated the two positions and created a new administrative position, which carried a lower salary.   (Id.)   According to Defendant Chisolm, these employment decisions were motivated by budgetary and efficiency concerns.   (Id. at 18-19.)

Plaintiff fails in her response, however, to advance any argument, much less create a genuine issue of material fact, that Defendant Chisolm's proffered non-discriminatory reason for eliminating her position was merely pretextual. In a conclusory sentence, Plaintiff states that she has established a prima facie case because "Mr. Chisolm abolished her position . . . because of [her] gender." (Doc. 31 at 20.)   However, this fails to even address or

---

[7] Defendant Chisolm does not dispute that Plaintiff has established these elements.   (See Doc. 23 at 17-21.)

offer any evidence as to the pretextual nature of Defendant Chisolm's non-discriminatory reason for eliminating her position—budgetary and efficiency concerns.  Plaintiff does provide a litany of reasons in a section discussing Defendant Chisolm's entitlement to qualified immunity. (Id. at 20-28.)  Even assuming, as the Court will below, that these arguments are designed to attack the legitimacy of Defendant Chisolm's employment decisions, they all allege that Defendant Chisolm falsely or wrongly accused Plaintiff of erratic behavior or poor job performance, none of these argument address Defendant Chisolm's purported reason for eliminating Plaintiff's position.  As a result, Plaintiff has completely failed to show that budgetary or efficiency concerns were pretext for Defendant Chisolm's unlawful gender discrimination when eliminating her position.  Based on this failure, Defendant is entitled to summary judgment on Plaintiff's Title VII discriminatory discharge claim.

b.   Discriminatory Failure to Hire

In this case, Plaintiff has established the four elements of a prima facie case on her claim for discriminatory failure to hire by showing that (1) she is female; (2) she was qualified for the position for which she applied; (3) she was not considered for the position

28

despite being qualified; and (4) the position was filled by an equally or less qualified male.[8]   (Id. at 19-20.) Defendant Chisolm has articulated legitimate non-discriminatory reasons by stating that he did not select Plaintiff for the new position because he noticed several deficiencies in her job performance within the first month he took office. (Doc. 23 at 20.) Specifically, Defendant Chisolm was not satisfied with Plaintiff's oversight and tracking of the office's budget, her displeasure with the reorganization plan, her inability to work well with others in the office, and her prior threatening statements. (Id.)

While somewhat unclear, it appears that the litany of reasons in a section arguing that Defendant Chisolm is not entitled to qualified immunity is meant to attack Defendant's purported non-discriminatory reason for failing to hire Plaintiff for the new position. (See Doc. 31 at 21-28.) In this section, Plaintiff presents evidence that she contends shows that Defendant Chisolm's proffered non-discriminatory reason may be "unworthy of credence." Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). Generally, Plaintiff contends that Defendant Chisolm's opinion as to her performance and her

---

[8] Again, Defendant Chisolm does not dispute that Plaintiff has established these elements. (See Doc. 23 at 17-21.)

relationship with fellow employees is incorrect. (Doc. 31 at 21-28.) For example, Plaintiff has presented affidavits from her supervisor and the previous District Attorney, who both state that Plaintiff was "never disciplined, reprimanded or counseled and that they never had a problem with her performance." (Id. at 22; accord Doc. 34, Attach. 3 14:20 to 15:20; id., Attach. 4 12:14 to 13:22.) In addition, Plaintiff offers statements from several people stating that, contrary to Defendant Chisolm, her behavior in the workplace was not erratic. (Doc. 31 at 22; Doc. 34, Attach. 4 33:6 to 34:31; id., Attach. 3 24:14 to 26:23; id., Attach. 19 36:17 to 37:18.) With respect to Defendant Chisolm's contention that Plaintiff mismanaged the office budget, Plaintiff submits statements from several individuals, including the Finance Director for Chatham County and the previous District Attorney, indicating that there were no problems with Plaintiff's handling of the office's complex budget. (Doc. 31 at 25-26; Doc. 34, Attach. 6 16:24 to 17:16, 20:15 to 22:6; id., Attach. 3 13:23 to 14:10; id., Attach. 4 11:20 to 12:24.)

While it is inevitably for a jury to decide, the statements presented by Plaintiff, if believed, call into question the various incidents that Defendant Chisolm cites as non-discriminatory reasons for her termination. If a

jury were to accept this testimony, it would be entitled to find that Defendant Chisolm manufactured the alleged poor job performance and working relationship with fellow employees as pretext for terminating Plaintiff because of her gender. For this reason, the Court finds that Plaintiff has created a genuine issue of material fact that her termination was a result of gender discrimination. Accordingly, Defendant Chisolm in his official capacity is not entitled to summary judgment on this issue.

## 2. Plaintiff's Retaliation Claim

Plaintiff has brought a retaliation claim under Title VII based on Defendant Chisolm's failure to hire Plaintiff for the newly created position.[9] (Doc. 1 ¶ 23.) To establish a prima facie case of retaliation, a plaintiff must show (1) that she engaged in statutorily protected activity; (2) that she suffered a materially adverse action; and (3) that there was a causal connection between

---

[9] Defendant Chisolm appears to believe that Plaintiff is also basing her retaliation claim on the elimination of her position. (See Doc. 23 at 23.) The Court, however, does not read Plaintiff's complaint in that manner. Indeed, it would be strange that Plaintiff would allege that her position was eliminated in retaliation for filing a complaint about her position being eliminated. Even Plaintiff, in her response, does not raise any argument in support of a claim for retaliation based on the elimination of her position. (See Doc. 31 at 30-32.) Accordingly, the Court will not address Defendant Chisolm's arguments regarding the retaliatory elimination of Plaintiff's employment.

the two events. E.g., Little v. United Tech., 103 F.3d 956, 959 (11th Cir. 1997).[10] To establish the necessary causal connection, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." E.E.O.C. v. Reichhold Chem., Inc., 988 F.2d 1564, 1571-72 (11th Cir. 1993). "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993). Evidence of the employer's awareness, coupled with a close temporal proximity between the employee's protected conduct and the adverse employment action, is sufficient circumstantial evidence to create a genuine issue of material fact on a causal connection. Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791, 799 (11th Cir. 2000); Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1337 (11th Cir. 1999) (seven weeks constituted temporal proximity sufficient to demonstrate a causal nexus between

---

[10] Title VII's anti-retaliation provision, 42 U.S.C. 2000e-3(a), provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made unlawful by [42 U.S.C. § 2000e], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

protected activity and adverse employment action in an ADA case).   Should a plaintiff establish a prima facie case of retaliation, "the employer has the burden of articulating a legitimate non-discriminatory reason for the challenged employment decision."   Id.   The plaintiff must then demonstrate that the proffered non-discriminatory reason is mere pretext for the unlawful retaliation.   Id. (quoting Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997)).

In his Motion for Summary Judgment, Defendant Chisolm argues that Plaintiff has failed to establish that he was aware of Plaintiff's EEOC complaint when he decided not to hire her for the new position. (Doc. 23 at 23.)   However, it is difficult for the Court to accept this proposition based on Defendant Chisolm's deposition, during which he appears to testify that he knew in January of 2009 that Plaintiff had filed an EEOC complaint. (Doc. 34, Attach. 16 83:10 to 84:17.)   To be fair, Defendant Chisolm later testified unequivocally that he did not know Plaintiff had filed an EEOC complaint when he declined to consider her for the new position. (Id. 111:8-22.)   Based on the apparent discrepancy in Defendant Chisolm's testimony, the Court concludes that summary judgment is inappropriate because there is a genuine issue of material fact

33

concerning whether Defendant Chisolm knew of the EEOC complaint when he decided not to consider Plaintiff for the new position.

In his Motion for Summary Judgment, Defendant Chisolm also argues that Plaintiff cannot show that his non-discriminatory reason is pretextual, advancing the same arguments he employed with respect to Plaintiff's Title VII claim for discriminatory failure to hire. (Doc. 23 at 24.) As the Court has previously determined that Plaintiff has identified genuine issues of material fact regarding whether Defendant Chisolm's reasons were pretextual, see supra Analysis.PartIII.C.1.b, the Court need not address them again here. Accordingly, Defendant Chisolm in his official capacity is not entitled to summary judgment on this claim.

CONCLUSION

For the above reasons, Defendant Chatham County's Motion for Summary Judgment (Doc. 20) is **GRANTED** and Defendant Chisolm's Motion for Summary Judgment (Doc. 23) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims against Defendant Chatham County are all **DISMISSED**. With respect to Defendant Chisolm, Plaintiff's 42 U.S.C. § 1983 claims, Age Discrimination in Employment Act ("ADEA") claim, Title VII individual capacity claims, and Title VII

claim for discriminatory discharge are also **DISMISSED**. However, Defendant Chisolm's request for summary judgment is **DENIED** with respect to Plaintiff's Title VII claims against him in his official capacity for both failure to hire and retaliation.

SO ORDERED this 24ᵗʰ day of March 2012.


WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA